FILED IN CHAMBERS
U.S.D.C. Rome

DEC 11 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

LENI KLEINER, LENI KLEINER
2005 FAMILY, LLC, and LIBERTY
TWO FUNDING TRUST,

    Defendants.

CIVIL ACTION

NO. 1:07-CV-0554-RLV

O R D E R

This is a fraud and conspiracy action in which the plaintiff seeks to rescind its 2005 policy insuring the life of Leni Kleiner. American General Life Insurance Company alleges that the insured and Leni Kleiner 2005 Family, LLC, fraudulently misrepresented Leni Kleiner's net worth and thereby obtained a policy that American General otherwise would not have issued. Pending before the court are a Motion to Dismiss by Leni Kleiner 2005, LLC, and Liberty Two Funding Trust [Doc. No. 10], a Motion to Dismiss by Leni Kleiner [Doc. No. 21], and a Motion to Deposit Funds Into the Registry of the Court by American General [Doc. No. 45].

The defendants' motions seek to dismiss the complaint for failing to plead fraud with particularity as required by Rule 9(b), thus requiring dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Determining whether a

fraud claimant survives a motion to dismiss, however, requires both an analysis of whether the complaint generally has stated a claim that is plausible on its face, see Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007), and whether the fraud claim itself satisfies the heightened pleading standard of Rule 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED.R.CIV.P. 9(b). A fraud claim is subject to a heightened pleading standard to protect defendants from spurious charges and to put defendants on notice of the "precise misconduct with which they are charged," Ziemba v. Cascade Intern. Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

Importantly, however, the stringent requirements of pleading fraud do not abrogate the broader policy of notice pleading. Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988). In striking a balance between the particularity rule and the more general notice pleading policy, the Eleventh Circuit has said that Rule 9(b) is satisfied if the complaint sets forth (1) precisely what misrepresentations were made, (2) the time and place of each statement or omission, (3) the content of the statements and how they mislead the plaintiff, and (4) what the defendants obtained from the fraud. Ziemba, 256 F.3d at 1202. The parties refer to

these requirements as the "who, what, when, where, and how" of the alleged fraud. See In re World Access, Inc., 119 F. Supp. 2d 1348, 1353 (N.D. Ga. 2000).

The defendants assert that American General has failed to satisfy Rule 9(b) because it does not allege precisely how the defendants' statement or omissions were fraudulent or how they misled the plaintiff. That is, American General does not allege precisely what material information was not disclosed or omitted. The plaintiff's fraud claim makes the following allegation:

> Upon information and belief, American General states that Ms. Kleiner and the Kleiner LLC's representations with regard to Ms. Kleiner's net worth contained in the 2005 Application and Ms. Kleiner's statements during the application process regarding her financial conditions were materially false, that Ms. Kleiner and the Kleiner LLC knowingly and intentionally failed to disclose and omitted material facts with regard to Ms. Kleiner's net worth; and otherwise intentionally failed to accurately, honestly and/or truthfully answer and disclose material information in response to net worth questions presented on the 2005 Application which, if disclosed, would have caused the non-issuance of the 2005 Policy.

Compl. ¶ 23. The defendants' argument is that the complaint fails to allege "how" their statements during the application process were false or misleading.

American General contends that it has satisfied the "how" requirement of Rule 9(b) by alleging that it relied upon the defendants' statements to approve the issuance of Ms. Kleiner's

3

policy. This court does not agree. The only thing the plaintiff has alleged is that the defendants' statements were false, but it does not provide any specificity showing how or why the defendants' statements were untrue or how material facts were omitted. That is, there is an allegation that the defendants withheld the truth, but there is no allegation of what that truth was. While the complaint alleges that material facts were not disclosed, it does not allege what facts were supposedly withheld. Absent any such particularity with respect to precisely how the defendants' statements were false or misleading, it cannot be said that the defendants have been put on notice of precisely what was fraudulent. Accordingly, this court concludes that the complaint has failed to state a claim of fraud with the particularity required under Rule 9(b).

The plaintiff contends that it is unable to provide anymore details with respect to precisely how Ms. Kleiner's net worth was misrepresented because that financial information is wholly within the defendants' knowledge and control. However, while the stringent requirement of Rule 9(b) may be relaxed in certain cases where evidence of fraud is entirely unavailable to the plaintiff, that does not abdicate a plaintiff's duty to describe in detail the basis of its claim and provide, at the least, some "indicia of

4

reliability" to support the allegations. <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1359 (11th Cir. 2006). Here, the plaintiff's complaint lacks any detail as to why it believes the defendants acted fraudulently. The complaint alleges that the defendants misrepresented Ms. Kleiner's financial condition, the facts of which may very well be entirely within the defendants' control, but the complaint does not set forth any facts describing how the plaintiff knows the statements were false or why it believes the statements were false. In short, there is nothing tending to show an "indicia of reliability." Therefore, even if the facts of Ms. Kliener's net worth are uniquely within the defendants' control, the plaintiff has still failed to sufficiently state a claim under Rule 9(b).

Nevertheless, the plaintiff's insufficiently pled fraud claim does not warrant dismissal at this point. In certain cases, where a complaint fails to include the requisite degree of particularity, the appropriate course of action is first to provide an opportunity to cure an otherwise defective complaint and order the plaintiff to replead his claims pursuant to Rule 12(e). <u>Wagner v. First Horizon Pharm. Corp.</u>, 464 F.3d 1273, 1280 (11th Cir. 2006). Although this court has concluded that the plaintiff has not sufficiently pled a fraud claim, that does not necessarily mean the plaintiff cannot do

Rule 12(b)(6) is deferred in favor of Rule 12(e)'s remedy to order the plaintiff to provide a more definite statement of the claim.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss by Leni Kleiner 2005, LLC, and Liberty Two Funding Trust [Doc. No. 10] and the Motion to Dismiss by Leni Kleiner [Doc. No. 21] are DENIED. The plaintiff will have until January 4, 2008, to file an amended complaint that provides a more definite statement of its claims. In view of this court's decision, it would be premature to permit the plaintiff to deposit the sum that represents the premiums paid on the 2005 policy. Therefore, the plaintiff's Motion to Deposit Funds Into the Registry of the Court [Doc. No. 45] is DISMISSED with leave to refile after this matter is past the responsive pleading stage.

SO ORDERED, this 11TH day of December, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge